IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DS WATERS OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO.: 1:10-CV-0335-SCJ |
| ) | |
| FONTIS WATER, INC. and ) | |
| SMOKY MOUNTAIN WATER, INC., ) | |
| ) | Before The Honorable |
| Defendants. ) | Stephen C. Jones |
| ) | |

**DEFENDANT FONTIS WATER INC.'S RENEWAL OF PRIOR OBJECTIONS TO EVIDENCE AND MOTION IN LIMINE TO EXCLUDE EVIDENTIARY MATTERS PREVIOUSLY DECIDED BY THE COURT**

Defendant Fontis Water, Inc. ("Fontis") hereby renews its four Notices of Objection to Evidence filed in connection with summary judgment [Dkt Nos. 268, 269, 270, 271], and respectfully moves this Court to exclude the evidence and testimony as to which Fontis's objections were sustained.[1]

---

[1] To avoid duplicating its briefs, and considering that the Court has already ruled on its objections (Order, [Dkt. No.. 353]), Fontis incorporates by reference its prior Notices of Objection, and replies in support of same, as if set forth fully herein. [Dkt. Nos. 268, 269, 270, 271, 298, 299, 300, 301].

### A. Unsupported Testimony of Jimmy Jackson

Fontis previously objected to DSW's reliance on the declaration and testimony of Jimmy J. Jackson – who has been engaged as an expert witness to quantify DSW's damages – to establish the following facts:[2]

1. The former Cohutta drivers could not easily, without the expense and time to drive through each and every one of their routes, recreate the customer list. [Dkt. Nos. 251, 17-18 (citing Jackson Decl. ¶ 14)].

2. Some customers were entered into the system before the date of their contract or without a contract. [*Id.* at 18 n.11 (citing Jackson Decl. ¶ 14, Attach. 2)].

[Dkt. Nos. 268, 298.] Fontis objected to these and other statements of Mr. Jackson because Mr. Jackson lacks the requisite personal knowledge and has not reviewed the record in this case. He was retained as a damages expert, not to testify as to his lay opinion on facts in this case. The statements, therefore, are inadmissible.[3]

The Court sustained Fontis's objections to the first statement, ruling that Mr. Jackson's opinion that Fontis gathered customer information from the Cohutta customer list in September 2009 does not support the proposition that the Fontis

---

[2] Fontis also is submitting a *Daubert* motion to exclude Mr. Jackson's testimony contemporaneously herewith.

[3] Mr. Jackson has no knowledge from the record or otherwise that would support this opinion. In fact, he testified that he has not had any discussions with route drives that provide him with a factual basis for his conclusion. (Jackson Dep. [Dkt. No. 320] at 90:21-24.) He also has no experience in the home and office water delivery industry. (Id. at 112:2-12.)

drivers could not have easily recreated the customer list.[4]  (Order, [Dkt. No. 353] at 38.)  For these reasons, and those set forth in its prior briefs on the issue, the Court should preclude Mr. Jackson from testifying at trial that the former Cohutta drivers could not easily recreate the customer list.

The Court also sustained Fontis's objections to the second statement, ruling that DSW's statement that customers were added into the Fontis database before the date of their contract or without a contract is not supported by Mr. Jackson's opinion that Fontis entered Cohutta customer date into its database in September 2009.  *Id.* at 39.  For this reason, and those set forth in Fontis's prior briefs on this issue, the Court also should preclude Mr. Jackson from testifying at trial that customers were added into the Fontis database before the date of their contract or without a contract.

---

[4] Notwithstanding the Court's prior ruling on Fontis's objection, DSW has indicated in the Pretrial Order that Mr. Jackson will be present to testify at trial to his expert opinion regarding "whether it was possible for former Cohutta drivers to recreate the Cohutta customer list without the time needed to driver through each and every one of their routes," among other facts unrelated to damages about which he has no knowledge.  [Dkt. No. 380-8(c).]  For this reason, Fontis must renew its objections and once again ask the Court to preclude Mr. Jackson's unsupported testimony.

### B. Confidentiality Agreements, Employee Handbook, and Related Testimony

DS Waters previously submitted the declaration of its corporate counsel, Kimberly Lerman, for purposes of introducing into evidence unauthenticated confidentiality agreements allegedly signed by DS Waters' employees and an Employee Handbook that were withheld during discovery. The Court sustained Fontis's objection, ruling that "DS Waters may not seek to rely on that which it withheld during discovery." (Order, [Dkt. No. 253] at 48.) Although DS Waters has not identified the confidentiality agreements or Employee Handbook on its exhibit list, Fontis nevertheless moves the Court to preclude DS Waters from introducing this evidence and to preclude its witnesses from testifying in any way about these documents. Fontis had no opportunity to take discovery on issues related to the confidentiality agreements or Employee Handbook due to DS Waters' conduct in withholding relevant information, and it has been prejudiced as a result. This evidence and related testimony should not be allowed at trial.

### C. Unsupported Lay Opinions of Dillon Schickli

The following testimony of DS Waters' former Chief Executive Officer, K. Dillon Schickli, is inadmissible. Fontis objected that Paragraphs 5 and 7 of his Declaration in opposition to summary judgment fail to set forth proper foundation

for his testimony and Mr. Schickli testifies about matters about which he had no personal knowledge.

Fontis objected that Mr. Schickli's opinion in Paragraph 5 of the Declaration that it would be "impossible" for route drivers to recreate the alleged Cohutta customer list is entirely speculative and not supported by facts. [Dkt. No. 270.] The Court sustained this objection, ruling that DSW failed to lay adequate foundation to show how Mr. Schickli's many years in the beverage delivery industry have led him to form the opinion that recreating a customer list from route drivers' memories would be impossible. (Order, [Dkt. No. 353] at 45.) The Court observed that there is no evidence that Mr. Schickli has gained this knowledge based on his own personal observations while attempting to recreate such lists from drivers' memories or through his personal experiences and interactions with drivers. *Id.* Because this lay opinion lacks the requisite antecedent predicate and foundation, it should be excluded at trial.

Similarly, Fontis objected that Mr. Schickli's statement in Paragraph 7 that "the list was not readily ascertainable by proper or ethical means by Cohutta's competitors in the bottled water industry" lacks any factual support and is speculative and unreliable. The testimony is also inflammatory. In sustaining the objection, the Court ruled that this statement "shall be disregarded as it lacks the

necessary factual foundation." [Dkt. No. 353 at 46.] For these reasons, this testimony should also be precluded at trial.

### D. The Call Log Is Inadmissible Hearsay.

To the extent that DSW's call log is relevant to its claim for trade secrets misappropriation (which is doubtful), the call log nevertheless constitutes inadmissible triple hearsay, consisting of: (1) alleged statements by unidentified Fontis representatives to former Cohutta customers; (2) recounted by former Cohutta customers, who are unidentified in many circumstances, to DS Waters call center representatives; (3) that are "rephrased" by DS Waters call center representative and entered into a spreadsheet created for litigation.[5]

The Court sustained Fontis's objection to the Call Log, when offered to show statements made by Fontis, because "the Call Log contains out of court statements offered for their truth – hearsay under Rule 801(c) of the Federal Rules of Evidence." (Order, [Dkt. No. 353] at 40.) Therefore, the Call Log should be excluded as hearsay, and DSW should be required to reduce any statements contained therein to admissible form by the in-court testimony of the customers.

WHEREFORE, Fontis hereby renews its prior Notices of Objection to evidence and respectfully requests that the Court exclude the evidence and

---

[5] The call log is not relevant to DSW's claim for trade secrets misappropriation, and Fontis objects to it for this additional reason.

testimony as to which its objections were sustained at the summary judgment phase of this case.

Respectfully submitted this 26th day of December, 2012.

**MORRIS, MANNING & MARTIN, LLP**

By:/s/*Marguerite E. Patrick*
   Marguerite E. Patrick
   Georgia Bar No. 566187
   Catharine B. Wooten
   Georgia Bar No. 776322
   Stephen M. Vaughn
   Georgia Bar No. 219482
   Pelham Wilder IV
   Georgia Bar No. 522346

*Attorneys for Defendant Fontis Waters, Inc.*

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

7788920 v03

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

*/s/Marguerite E. Patrick*
Marguerite E. Patrick
Georgia Bar No. 566187

7788920 v03

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DS WATERS OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO.: 1:10-CV-0335-SCJ |
| ) | |
| FONTIS WATER, INC. and ) | |
| SMOKY MOUNTAIN WATER, INC., ) | |
| ) | Before The Honorable |
| Defendants. ) | Stephen C. Jones |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, filed electronically via CM/ECF a true copy of the within and foregoing **DEFENDANT FONTIS WATER INC.'S RENEWAL OF PRIOR OBJECTIONS TO EVIDENCE AND MOTION IN LIMINE TO EXCLUDE EVIDENTIARY MATTERS PREVIOUSLY DECIDED BY THE COURT** in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, addressed to the following:

Erika C. Birg, Esq.
Nelson Mullins Riley & Scarborough, LLP
201 17th St., Suite 1700
Atlanta, GA 30363

7788920 v03

Shuman Sohrn, Esq.
Anastasia L. Lewis, Esq.
Seyfarth Shaw, LLP
1075 Peachtree St., N.E., Suite 2500
Atlanta, GA 30309

Bart A. Lazar, Esq.
Seyfarth Shaw, LLP
131 South Dearborn St. Suite 2400
Chicago, IL 60603

Kristofer R. Schleicher, Esq.
Joyce Thrasher Kaiser & Liss LLC
Five Concourse Parkway, Suite 2350
Atlanta, GA 30328

This 26th day of December, 2012.

/s/Marguerite E. Patrick
Marguerite E. Patrick
Georgia Bar No. 566187

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile:  (404) 365-9532

7788920 v03